JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Cheryl Wynn | Not Present | N/A |
| Relief Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**   (IN CHAMBERS)

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15]

### I.  INTRODUCTION

Before the Court is Plaintiff Steven F. McGill's ("Plaintiff") Motion to Remand for lack of subject matter jurisdiction.  (Dkt. No. 15.)  After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Remand.

### II. BACKGROUND

#### a.  Factual Background

Plaintiff Steven F. McGill, who is appearing pro se in this matter, commenced this lawsuit in the Small Claims Division of the Los Angeles County Superior Court on March 3, 2015, against Defendant,[1] Plaintiff's former employer.  (Dkt. No. 1, Ex. 1 at 4.)  Plaintiff alleges that Defendant owes him $5,000 because "Defendant cancelled 'ALL' insurance benefits without prior notice.  Defendant removed Plaintiff from California Life Line Program without justification or notice." (*Id.*)   Plaintiff claims that he is

---

[1] Plaintiff's claim filed in the Small Claims Division of the Los Angeles Superior Court identified "A.T. & T. Benefits Center" as the defendant. Plaintiff later amended his claim to identify "AT&T Corp." as the defendant.  Pacific Bell Telephone Company asserts that it is the proper defendant and that Plaintiff erroneously sued AT&T Corp.  (*See* Dkt. No. 8.)  Therefore, any reference to "Defendant" in this case is to Pacific Bell Telephone Company.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

entitled to recovery because "[a]ll insurance benefits for [his] two children and [himself] are cancelled" and maintains that Defendant should reimburse him for "the cost of buying new insurance plus possible fines." (*Id.*)

Defendant's Notice of Removal, Motion to Set Aside Default Judgment, and briefing in opposition to Plaintiff's Motion to Remand provide additional details regarding the factual context of this dispute. (*See* Dkt. Nos. 1, 8, 14.) According to Defendant, after Plaintiff retired from his employment with Defendant in 2005, Plaintiff obtained post-employment healthcare benefits through Defendant's AT&T Umbrella Benefit Plan No. 1 ("Plan"). (Dkt. No. 8 at 3.) Upon becoming eligible for Medicare at the age of 65, the Plan required Plaintiff to enroll in coverage through a private healthcare insurance exchange, AON Retiree Health Exchange ("AON"), in order to maintain coverage beyond December 31, 2014. (*Id.*)

Defendant alleges that it sent Plaintiff "multiple written communications, reminder postcards, and follow-up telephone inquiries" to advise Plaintiff that his coverage would end in December 2014, unless he took additional action. (Dkt. No. 8 at 3.) According to Plaintiff, he spoke to an AT&T Benefits representative who told him to "ignore the letter" from AON because Plaintiff's benefits would remain with AT&T. (Dkt. No. 9 at 2.) After seeking dental care in 2015, Plaintiff discovered that he no longer had medical or dental coverage. (*Id.*) Plaintiff then telephoned the AT&T Benefits office which informed him that it cancelled his coverage because Plaintiff failed to enroll in AON. (*Id.*)

### b. Procedural History

As discussed, Plaintiff initiated this action in the Small Claims Division of the Los Angeles County Superior Court on March 3, 2015, seeking recovery for the cancellation of his insurance policy without notice, reimbursement of the premiums he continued to pay through April 1, 2015, and the cost of purchasing alternative insurance. (Dkt. No. 1, Ex. 1 at 4–5.) Plaintiff requested that the Small Claims Court attempt service of his claim by certified mail, and requested a return receipt. (*Id.* at 9.)

After Plaintiff received the certified mail receipt without a signature, Plaintiff filed an amended claim and a second request that the Small Claims Court serve the complaint. (Dkt. No. 1, Ex. 1 at 12.) Plaintiff listed the address of an AT&T retail store as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

Defendant's address on his second request for service by certified mail. (*Id.* at 18.) Plaintiff received a signed certified mail receipt; however, the signature was illegible and no name was printed in the "received by" section of the receipt. (*Id.* at 20.) On June 4, 2015, the Clerk of the Los Angeles County Small Claims Court entered default judgment against Defendant. (Dkt. No. 1, Ex. 1 at 21.)

Defendant removed the case to this Court on August 19, 2015. (Dkt. No. 1.) In Defendant's Notice of Removal, Defendant maintains that this Court has jurisdiction because Plaintiff's claim is completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Dkt. No. 1 at 3–4.) Defendant alleges that it maintains an employee welfare benefits plan as defined by ERISA, 29 U.S.C. § 1002 *et seq.*, and that Plaintiff's claim "is removable because it relates to insurance benefits arising from an employee welfare benefits plan from Plaintiff's prior employment." (*Id.* at 2–3.) Defendant avers that, because Plaintiff's Plan is regulated by ERISA, Plaintiff's claim is completely preempted and this Court has federal question jurisdiction. (*Id.* at 3–4.)

On August 27, 2015, Defendant filed a motion to set aside default judgment for ineffective service of process, (Dkt. No. 8), which the Court granted on September 24, 2015, (Dkt. No. 13).

Plaintiff filed the instant Motion to Remand on September 18, 2015. (Dkt. No. 15.) Plaintiff challenges the action's removal to federal court, asserting that his claim is not completely preempted by ERISA because "[t]he original suit alleges fraud in the method used to cancel the Plaintiff's insurance benefits by telling him in a recorded phone conversation not to sign with Aon Insurance," which is not a federal issue. (Dkt. No. 17 at 1.) Defendant timely opposed the motion on September 28, 2015. (Dkt. No. 14.) Plaintiff did not file a reply.

### III. LEGAL STANDARD

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Federal law concerning removal provides that "a motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal. . . . If at any time before final judgment it appears that the district court lacks subject matter

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper removal and federal jurisdiction. *Gaus*, 980 F.2d at 566. Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Id*. Where there is a doubt regarding the right to removal, "a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

Whether a defendant may rightfully remove a case from a state court to a federal district court is entirely governed by statutory authorization by Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint. Because federal courts are courts of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Pursuant to 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983). "In determining the existence of removal jurisdiction, based upon a federal question [the court] must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (quoting *Libhart*, 592 F.2d at 1065) (internal quotation marks omitted). Under the "well-pleaded complaint" rule, the plaintiff ordinarily is entitled to remain in state court if its complaint does not, on its face, affirmatively allege a federal claim. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Because a defense is not part of a plaintiff's properly pleaded claim, *see Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), jurisdiction may not properly be based on an anticipated defense created by federal law, *see Franchise Tax Bd.*, 463 U.S. at 14. Accordingly, "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

The Supreme Court recognizes an exception to the well-pleaded complaint rule if a cause of action is *completely* preempted by federal law. *Metro. Life Ins. Co.*, 481 U.S. at 63. Where Congress completely preempts a particular area, any civil complaint raising that select group of claims will be treated as "necessarily federal in character." *Id.* at 63–64. Accordingly, a complaint purporting to rest on state law may be recharacterized as one "arising under" federal law if the law governing the complaint is exclusively federal. *See Beneficial Nat'l Bank*, 539 U.S. at 8.

## IV. DISCUSSION

### a. Plaintiff's State Law Fraud Claim Does Not Fall Within the Scope of Complete Preemption Under ERISA § 502(a), 29 U.S.C. § 1132(a)

Plaintiff's small claims Complaint does not, on its face, provide a basis for federal question jurisdiction. (Dkt. No. 1, Ex. 1 at 14.) Accordingly, the "well-pleaded complaint rule" dictates that the case remain in state court for lack of federal subject matter jurisdiction, unless Plaintiff's claim is completely preempted by federal law. *See Metro. Life Ins. Co.*, 481 U.S. at 63.

Complete preemption under ERISA § 502(a), 29 U.S.C. § 1132(a), is an exception to the well-pleaded complaint rule. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). Even where a complaint alleges only state law claims, if these claims are entirely encompassed by § 502(a), the complaint is converted from a state common law complaint into a federal claim for purposes of the well-pleaded complaint rule. *Id*. As the Ninth Circuit explained:

> Complete preemption removal is an exception to the otherwise applicable rule that a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim. . . . If a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a) [of ERISA], that complaint is converted from an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.

Case 2:15-cv-06323-BRO-RAO Document 20 Filed 10/15/15 Page 6 of 13 Page ID #:190

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-06323-BRO (PLAx)** | Date | October 15, 2015 |
|---|---|---|---|
| Title | **STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY** | | |

*Id.* (internal citation and quotation marks omitted).

A second federal doctrine, conflict preemption under ERISA § 514(a), 29 U.S.C. § 1144(a), serves as a defense to a state law action, but it does not confer federal question jurisdiction. *Marin Gen. Hosp.*, 581 F.3d at 945. A provision of state law may "relate to" an ERISA benefit plan, and thus be conflict-preempted under ERISA § 514(a), but this is not sufficient grounds for removal to federal court. *Id.* Thus, "complete preemption" under § 502(a) encompasses all relevant claims by a participant or beneficiary to enforce his rights under an ERISA plan and provides for exclusive federal jurisdiction, whereas "conflict preemption" under § 514(a) preempts any state law that may "relate to" an ERISA plan, but it does not constitute a basis for removal jurisdiction. *Id.*

Defendant's Opposition maintains that federal jurisdiction exists because Plaintiff's claim is related to the Plan, and thus preempted by ERISA § 514(a). (Opp'n at 5–6.) However, the law is clear that a defense of conflict preemption under § 514 is not a sufficient basis of removal. *Marin Gen. Hosp.*, 581 F.3d at 945. Thus, the issue of whether Plaintiff's claim is subject to the defense of conflict preemption pursuant to ERISA § 514(a) is not before the Court at this time, but an issue to be considered at a later stage of litigation. Defendant thus bears the burden of demonstrating that Plaintiff's claim is completely preempted under ERISA § 502(a) such that this Court has jurisdiction. *Gaus*, 980 F.2d at 566.

Defendant's Notice of Removal asserts that Plaintiff's claim is completely preempted by ERISA § 502(a) "because Plaintiff's claims appear to be an action to recover benefits under the Plan, enforce his rights under the Plan, and/or obtain other equitable relief as provided under ERISA Section 502(a)." (Dkt. No. 1 at 3–4.) In *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004), the Supreme Court developed a two-prong test to determine whether a suit falls within the scope of ERISA § 502(a)(1)(B). A cause of action is completely preempted by ERISA § 502(a)(1)(B) if: (1) "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and, (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Id.* Because this two-prong test is in the conjunctive, a state law cause of action is completely preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied. *Marin Gen. Hosp.*, 581 F.3d at 947.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

### i. Plaintiff Could Not Have Brought His Claim Under ERISA § 502(a)(1)(B)

Under ERISA § 502(a)(1)(B), a civil action may be brought by an ERISA plan participant or beneficiary seeking to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A court may conclude that a plaintiff could have brought a claim under § 502(a)(1)(B) if four elements are satisfied: (1) there is a relevant ERISA plan; (2) Plaintiff has standing to sue under that plan; (3) the Defendant is an ERISA entity; and (4) the complaint seeks compensatory relief akin to that available under § 502(a). *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999).

Here, Plaintiff's Complaint is not preempted by ERISA § 502(a). Though the Plan appears to be an employee welfare benefit plan as defined under ERISA,[2] (Dkt. No. 1 at 3), and Defendant is an ERISA entity,[3] (*id.*), Plaintiff does not allege he has standing to sue under the Plan. Only plan participants, designated beneficiaries, plan fiduciaries, and the Secretary of Labor have standing to assert an ERISA claim. 29 U.S.C. § 1132(a). Under ERISA, a "participant" is defined as:

> [A]ny employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

---

[2] ERISA regulates "employee welfare benefit plans," which are defined to mean "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . ." 29 U.S.C. § 1002(1).

[3] Among the entities governed by ERISA are "employer[s] any of whose employees are covered" by an employee benefit plan. 29 U.S.C. § 1002(14)(C).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

29 U.S.C. § 1002(7). The Supreme Court clarified that, under ERISA, participants include "employees in, or reasonably expected to be in, currently covered employment, or former employees who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (citations omitted) (internal quotation marks omitted). Thus, a former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits is not a "participant" with standing for the purposes of ERISA preemption. *Id.* at 118.

The facts of this case do not suggest that Plaintiff intends to return to covered employment, as Plaintiff retired ten years ago. (Dkt. No. 8 at 3.) Thus, Plaintiff is only a participant as defined by ERISA if he has a colorable claim to vested benefits. *See Firestone Tire*, 489 U.S. at 117–18. "In order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Id.* The instant action, however, is not a "suit for benefits" because Plaintiff is not suing to recover benefits improperly withheld. (*See* Dkt. No. 1, Ex. 1 at 14.) Plaintiff is not claiming that the benefits conferred to him under the Plan are vested, or that he is entitled to additional benefits under the Plan, now or in the future. Rather, Plaintiff claims that he is entitled to recovery because Defendant fraudulently misrepresented that Plaintiff need not take additional steps to maintain insurance coverage. (Dkt. No. 17 at 1; Dkt. No. 9 at 2.) Accordingly, none of the relief sought by Plaintiff is for reinstatement of benefits or compensation for benefits withheld. Instead, Plaintiff seeks recovery for the cancellation of his insurance policy without notice, reimbursement of the premiums he continued to pay through April 1, 2015 despite his coverage being cancelled, and the cost of purchasing alternative insurance. (Dkt. No. 1, Ex. 1 at 14.) The Court thus finds that Plaintiff does not have a "colorable claim to vested benefits" or standing to sue under ERISA § 502(a). *See Felix v. Lucent Tech., Inc.*, 387 F.3d 1146, 1162 (10th Cir. 2004) ("The nature of [Plaintiffs'] claim is not that Defendants improperly withheld vested benefits owed to them, but rather that they should receive damages for the fraud they suffered. . . . ERISA provides no cause of action to non-participants who claim they were defrauded out of pension benefits in violation of common law fraud principles.").

Nor does Plaintiff seek relief that "duplicates, supplements or supplants" the civil enforcement remedies provided by ERISA. *Davila*, 542 U.S. at 209. Plaintiff could not

Case 2:15-cv-06323-BRO-RAO Document 20 Filed 10/15/15 Page 9 of 13 Page ID #:193

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

have brought this action under § 502 because he does not seek to recover benefits, to enforce his rights, or to clarify future rights under the plan. *See* 29 U.S.C. § 1132(a)(1)(B). Although Plaintiff's Complaint contains no description of the basis of his claim as it was filed in small claims court, his Motion for Remand indicates that he is not seeking an ERISA remedy. (*See* Dkt. No. 17 at 1–2.) Rather, Plaintiff seeks compensatory damages arising from Defendant's alleged misrepresentations about Plaintiff's need to take additional steps to maintain insurance coverage. (*Id.* at 1.) Because the Parties do not dispute that the terms of the Plan enabled Defendant to cancel Plaintiff's medical and dental coverage, a state court will not need to construe the Plan language or determine the breadth of the Plan's terms to determine whether Defendant's alleged misrepresentations constitute fraud. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988) (explaining that the crucial question under complete preemption is whether the claims require construction of the plan language); *Roessert v. Health Net*, 929 F.Supp. 343, 351 (N.D.Cal.1996) ("[S]ince the disputed action does not require interpretation of the plan, there is no reason to believe that state resolution . . . would affect the important uniformity of federal ERISA law.").

Defendant's Opposition relies on *Olson v. General Dynamics Corp.*, 960 F.2d 1418 (9th Cir. 1991), for the assertion that a fraud cause of action is preempted by ERISA, (Opp'n at 5–6). This reliance is misplaced. In *Olson*, the Ninth Circuit found that the district court correctly ruled that plaintiff's state law fraud claim "relates to an employee benefit plan, and is therefore preempted by § 514(a)." *Olson*, 960 F.2d at 1418. Even if Plaintiff's Complaint is related to an ERISA-covered plan under § 514(a), mere relation does not on its own furnish a basis for federal subject matter jurisdiction. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 984 (9th Cir. 2001) (rejecting ERISA preemption even where a claim "obviously" related to the plan because "[p]re-emption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans").

The Ninth Circuit provided additional insight into the distinction between complete preemption under ERISA § 502(a) and § 514(a)'s conflict preemption in *Marin General Hospital*, 581 F.3d 941 (9th Cir. 2009). There, the defendants argued that because the hospital plaintiff's state-law claims for breach of contract, negligent misrepresentation, quantum meruit, and estoppel related to the patient's ERISA plan, they were within the scope of § 502(a)(1)(B). *Id.* at 948. The Ninth Circuit, however, clarified that the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

question of whether a claim "relates to" an ERISA plan is not the test for complete preemption under § 502(a)(1)(B); rather, it is the test for conflict preemption under § 514(a), which does not provide a basis for federal question jurisdiction. *Id*. at 949.

As mentioned above, Defendant's Opposition provides no mention of ERISA § 502. Instead, it maintains that "the case remains subject to removal based on ERISA preemption" under § 514 because "it is evident that Plaintiff's purported fraud claim 'relates to' an employee benefit plan." (Opp'n at 6.) This alone is insufficient to support removal. *See Metro. Life Ins. Co.*, 481 U.S. at 64 ("ERISA pre-emption [under § 514], without more, does not convert a state claim into an action arising under federal law."). Nor does Defendant's conclusory statement in its Notice of Removal that "Plaintiff's claims appear to be an action to recover benefits under the plan, enforce his rights under the Plan and/or obtain other equitable relief as provided under ERISA Section 502(a)" provide sufficient details to support a finding that this case is completely preempted. (Dkt. No. 1 at 3.) Thus, Defendant has not met its burden to show that the first prong of *Davila* is satisfied. On this basis alone, removal under complete ERISA preemption is improper. *See Marin Gen. Hosp.*, 581 F.3d at 947 ("The two-prong test of *Davila* is in the conjunctive.").

### ii. Independent Legal Duty Implicated

The *Davila* test also requires that Defendant's actions not implicate any other independent legal duty for complete preemption under § 502(a). *Davila*, 542 U.S. at 210, 212–14. "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under §502(a)(1)(B)." *Marin Gen. Hosp.*, 581 F.3d at 949. State law legal duties are not independent of ERISA where interpretation of the terms of the benefit plan "forms an essential part" of the claim, and legal liability can exist "only because of [the defendant's] administration of ERISA-regulated benefit plans," *Davila*, 542 U.S. at 213.

As previously discussed in the analysis of the first prong, Plaintiff is not asserting claims requiring judicial review of the Plan's terms. Instead, a state court will determine whether Defendant's alleged statements to Plaintiff amounted to a misrepresentation constituting common law fraud. The legal implications of this alleged misrepresentation would exist whether or not the Plan was governed by ERISA. *See Marin Gen. Hosp.*,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

581 F.3d at 950 ("Since the state-law claims asserted in this case are in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they are based on 'other independent legal dut[ies]' within the meaning of *Davila*."). Though a state court may reference the Plan to determine whether Defendant's alleged representation was false, the terms of the Plan are not the crux of this action. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d at 402 (3d Cir. 2004) (concluding that the plaintiff's state law claims were predicated on a legal duty independent of ERISA even though they were "derived from an ERISA plan, and exist[ed] 'only because' of that plan," because "the crux of the parties' dispute" arose independent of the ERISA plan). If Plaintiff disputed coverage and eligibility, interpretation of the Plan might form an "essential part" of Plaintiff's claims. *Id.* Instead, the resolution of this lawsuit requires analysis of Defendant's alleged misrepresentations, and Plaintiff's right to recovery depends entirely on the falsity of those statements, independent of the Plan itself. *Id.* As explained in *Marin General Hospital*, "it is not enough for complete preemption that the [state law] claims 'relate to' the underlying ERISA plan, or that ERISA section 502(a)(1)(B) may provide a similar remedy." *Marin Gen. Hosp.*, 581 F.3d at 950. While such an argument for conflict preemption may be advanced by Defendant in state court, it does not confer federal jurisdiction.

Both prongs of the *Davila* test must be satisfied for a state law cause of action to be completely preempted by § 502(a)(1)(B). *Marin Gen. Hosp.*, 581 F.3d at 947. In this case, Defendant fails to satisfy either prong. First, Plaintiff could not have brought his state law claims under § 502(a)(1)(B) of ERISA. Second, Plaintiff seeks to remedy violations of legal duties that are independent of ERISA. Defendant failed to meet its burden to show by a preponderance of the evidence that Plaintiff's claim falls within ERISA's civil enforcement provision. Plaintiff's state law claims are therefore not completely preempted by § 502(a)(1)(B). The Court therefore **REMANDS** this case to the Los Angeles County Superior Court for lack of federal subject matter jurisdiction.[4]

---

[4] Because the Court lacks federal subject matter jurisdiction, this Court's prior order granting Defendant's Motion to Set Aside Default Judgment is subject to review and revision by the state court. *See Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 n.5 (9th Cir. 2006) ("[I]ssues decided by the district court that are incident to and prior to an order of remand 'are open to revision in

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

### b. The Court Declines to Impose Sanctions

Plaintiff's Motion requests that the Court impose sanctions against Defendant under Federal Rules of Civil Procedure 11 and 12 for "wasting taxpayer money with unnecessary motions and court cost [sic] when they have been presented with the opportunity to address all of these issues." (Dkt. No. 17 at 1–2.) Plaintiff seeks fines to cover the cost of his legal fees and monetary sanctions "large enough to stop [Defendant] from pursuing their present course of action[,] which is filing a myriad of frivolous motions." (*Id.* at 2.)

Federal Rule of Civil Procedure 12, as cited by Plaintiff, does not authorize the Court to impose sanctions. *See* Fed. R. Civ. P. 12. Under Federal Rule of Civil Procedure 11, however, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996). Rule 11 "must be read in light of concerns that it will . . . chill vigorous advocacy." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The decision to impose a sanction is within the discretion of the court. Fed. R. Civ. P. 11(c); *Cooter & Gell*, 496 U.S. at 400.

While the Court agrees that Defendant's removal of this case ultimately lacked merit, the Court declines to issue Rule 11 sanctions at this time. Plaintiff has not demonstrated that Defendant's removal was frivolous, legally unreasonable, baseless or filed for an improper purpose. Sanctions are therefore improper under Rule 11 and the Court **DENIES** Plaintiff's request for sanctions.

---

[subsequent proceedings in state court], irrespective of the ruling of the [federal court].'") (quoting *Kircher v. Putnam Funds Trust et al.*, 547 U.S. 633, 647 (2006)).

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-06323-BRO (PLAx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | STEVEN F. MC GILL V. PACIFIC BELL TELEPHONE COMPANY | | |

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), and the action is **REMANDED** to the Superior Court of California, Los Angeles County.

**IT IS SO ORDERED.** : 00

| | Initials of Preparer | cw |
|---|---|---|